**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO SALAZAR-ARZOLA, | No. 12-71362 |
| Petitioner, | Agency No. A095-565-261 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Petitioner Antonio Salazar-Arzola ("Salazar-Arzola") petitions this court for

review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal of

the Immigration Judge's ("IJ") decision to pretermit his application for adjustment

of status. Salazar-Arzola argues that the BIA erred in its determination that his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

status as an inadmissible alien under 8 U.S.C. § 1182(a)(9)(C)(i)(I) precludes eligibility for adjustment of status.  We deny the petition.

We review de novo the BIA's determinations of questions of law.  *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010).

*In re Briones*, 24 I. & N. Dec. 355, 371 (BIA 2007), bars individuals who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) from seeking adjustment of status under 8 U.S.C. § 1255(i).  Salazar-Arzola concedes that this court's decision in *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 514 (9th Cir. 2012) (en banc), gives *Briones* deference under *Chevron* and *Brand X* and explicitly overrules conflicting precedent in *Acosta v. Gonzales*, 439 F.3d 550, 556 (9th Cir. 2006).  Therefore, the BIA did not err in concluding that *Briones*, rather than *Acosta*, is the controlling authority.

Moreover, under *Garfias*, the BIA did not err in retroactively applying *Briones* to Salazar-Arzola's application for adjustment of status.  When this court gives *Brand X* deference to an agency's statutory interpretation and overrules earlier precedent in response to that interpretation, it considers the retroactive application of the agency interpretation on a case-by-case basis.  *Garfias*, 702 F.3d at 519-20.  Under the retroactivity analysis prescribed in *Montgomery Ward & Co., Inc. v. FTC*, we must consider the extent to which a new rule departs from well

2

established law, whether the party reasonably relied upon the previous rule, the burden retroactivity imposes on that party, and the statutory interest in retroactive application. 691 F.2d 1322, 1333 (9th Cir. 1982).

*Montgomery Ward's* retroactivity analysis favors the government in this case. Although pretermitting his application for adjustment of status severely burdens Salazar-Arzola and his family, retroactivity is proper because he fails to demonstrate that his actions, such as his decision to depart the United States in 2003 and return less than a year later, were based upon a reasonable reliance on a rule that would have deemed him eligible for adjustment of status. The only period during which Salazar-Arzola could have alleged reasonable reliance on such a rule was the brief period between *Acosta* and *Briones*, but Salazar did not seek adjustment of status until after that period, in 2008. *See Garfias*, 702 F.3d at 522.

Retroactive application of *Briones* is proper as applied to the facts and timing of Salazar-Arzola's application. Therefore, the BIA did not err in concluding that his status as an inadmissible alien under 8 U.S.C. § 1182(a)(9)(C)(i)(I) renders him ineligible for adjustment of status.

**PETITION DENIED**.